## BARTON v. PHELAN CO.
## PACE v. SAME.
### Nos. 2184, 2185.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

Julius T. Long, of Shreveport, for appellants.

Pujo, Hardin & Porter, of Lake Charles, for appellee.

DORE, Judge.

These two cases which arise out of the same automobile accident were consolidated for trial in the lower court and have been submitted and argued together in this court. Plaintiff Barton sues for personal injuries consisting of the loss of his left arm and bruises and contusions about his body, praying for damage in the sum of $22,500. Plaintiff Pace sues for injuries to his eyes, face, arms and shoulders and prays for damages in the sum of $15,250. The accident occurred on the night of October 4, 1938, at about 7:30 o'clock, at a point on the Evangeline Highway some five miles west of Kinder and about a quarter of a mile east of the Calcasieu Bridge. The plaintiff Barton was driving his father's Ford car in an easterly direction toward Kinder. His father was in the car with him, sitting on the right hand front seat. Plaintiff Pace and Olin Hoskins were riding in the back seat, Pace being on the left. Charlie Brown, defendant's employee, was driving defendant's delivery truck, within the scope of his employment, in a westerly direction. The Ford car and the truck collided at the point stated, the cause of the accident and the manner in which it occurred, according to plaintiff's contention, being as follows:

The Barton car was travelling at a reasonable rate of speed and as it was about to meet the truck, Barton put on his dimmers, but the truck travelling at an excessive speed continued with its bright lights which partly blinded Barton; that Barton slowed down and pulled to his right; that a cow came into the road ahead of the truck from the north or right hand side of the truck and walked down the road ahead of the truck for several feet, during which time the truck driver failed to stop or slow down; that when the truck was within a few feet of the Barton car, the driver swerved the truck to the left in order to pass the cow, and then suddenly swerved it back to the right and, in doing so, the left front part of the truck trailer protruded out to the left and struck the Barton car on its left side near the left front door, resulting in the injuries sustained by plaintiff Barton and his guest, plaintiff Pace. The principal points of negligence charged

to defendant's truck driver are his excessive speed, his failure to dim his lights when approaching the Barton car, and his failure to stop or slow down when he saw the cow in the road ahead of him, and his act in swerving to his left to avoid striking the cow when he was too near the approaching Barton car.

The defendant contends that its driver was free of any negligence and that the accident was caused entirely by the negligence of Barton in driving at an excessive rate of speed and, in effect, in trying to proceed by passing between the cow and the truck; that the right front of Barton's car struck the cow, the blow throwing the car into the left front part of the trailer on the north or truck's side of the road; that when plaintiff's car struck the defendant's truck the blow caused the brakes on the left rear dual wheels of the truck to lock, pulling the truck to the left where it skidded onto the left side of the road after the impact. Defendant therefore denies any negligence on its part, but in the alternative pleads that plaintiff Barton was guilty of contributory negligence in driving at an excessive rate, and plaintiff Pace was also guilty of contributory negligence in permitting Barton to drive at such excessive rate without protest by him.

The lower court rendered judgments in favor of the defendant in each case rejecting the demands of both plaintiffs. They have appealed.

■ The lower court decided the case in effect on the point that the defendant's truck driver was not guilty of negligence. It is fundamental that unless we can find manifest error in the lower court's finding of fact to the effect that the truck driver was not guilty of negligence, we must affirm his judgment.

■ The lower court's finding of fact is succinctly expressed in the following two paragraphs of his opinion:

"The above theory (plaintiff's theory) and evidence is absolutely refuted by the physical facts in the case. The evidence shows that the wheel of the truck was so damaged by the impact with the automobile that the brake locked, causing the wheel to skid on the pavement, making a mark on the pavement which was clearly visible both to the witnesses and which shows clearly in pictures which were presented in court."

"This skid mark starts on the North side of the black or center line, showing beyond any question of a doubt that the collision took place not on the South, or Barton's side of the black line, but on the North, or Phelan's side of the black line, showing that at the time of the impact Barton was on the wrong side of the road."

The trial judge does not cite the evidence which convinces him that the left wheel of the truck was so damaged by the impact with the Barton car that it locked and skidded from the north side of the road to the left side, but a review of the record reveals that that conclusion is correct. Howard Blackley, plaintiff's witness, the garageman who came for the truck after the accident, testifies that the point of contact on the truck was the left rear dual wheels; that before he could move the truck he had to loosen the brakes on the truck; that he found only the left rear dual wheels locked which he had to undo in order to move the truck; that the skidmarks were made by the left rear dual wheels. Joseph N. Lafasse, state highway patrolman, who made an investigation of the accident that night, testifies that the point of contact was where the locked wheel began to skid, on the north of the center line. As set forth by the trial judge, the pictures introduced in evidence both by the plaintiffs and defendant clearly show that the skidmark started north of the center line of the pavement, angling in a southwesterly direction, crossing the center line and continuing on the south side in an arc for some fifty feet before again crossing the center line to the north up to the point where the truck came to rest, a total distance of approximately 100 feet. This skidmark is not the normal mark made by a rolling tire, and clearly indicates that the wheels which made it were locked from the beginning of the mark to the end, and since it is shown by the evidence that the wheels were locked by the blow from the Ford car, it follows that the collision must have been on the north side of the center line.

Plaintiffs maintain, notwithstanding the fact that the skidmark begins some 4 feet to the north of the center stripe, that the truck trailer crashed into the Ford car on the south side of the center stripe just as it was turning back to its right to complete the arc shown by the skidmark. In their attempt to establish that point as the situs of the collision, plaintiffs contend that shattered glass was found at that spot and none on the north side of the center line. The trial judge does not comment on that question in his judgment, but a review of the

evidence reveals the following: Ruby Hicks, one of the occupants of the Bailey car which appeared at the scene right after the collision, implies rather vaguely that the shattered glass was found south of the center line, but adds that there was shattered glass everywhere. B. M. Donahue, another occupant of the Bailey car, states that there was so much shattered glass scattered about it would be hard to tell where it was. Olin Hoskins, occupant of the Barton car, states that he visited the scene of the accident about the third or fourth day after the accident, and being in a hurry did not make a detailed inspection, but noticed glass on the concrete some four feet south of the center line and about ten feet from where the Barton car ran off of the shoulder in attempting to avoid the crash. Howard Blackley, a disinterested witness, saw no glass on the pavement. Roy R. Lanier, the photographer who visited the scene some three or four days after the accident, states that there was evidence of shattered glass in the vicinity of the arc, about forty feet from either end thereof, but adds that he made no examination for other evidence of shattered glass and admits that there may have been evidence of shattered glass at other places. Ben R. Bass, brother-in-law of plaintiff Barton, testifies that he visited the scene some three days after the accident, at which time he found some shattered glass where the Barton car turned over about twenty feet east from where the skidmark started, and also found glass on the south shoulder of the road. He states that he did not see any shattered glass on the paved highway proper. Joseph N. Lafasse, a state policeman, states that glass was scattered all over from the beginning of the skidmark to where the Barton car overturned. His testimony is in accord with the physical facts, and it is given by a witness who had no interest in the matter except to perform his duty as highway officer by giving an accurate, unbiased report of what he found.

Consideration of the evidence bearing on the question as to where shattered glass was found fails to convince us that the plaintiff has sustained the burden of proving that the shattered glass was on the south and not on the north side of the center stripe. The evidence on that point is contradictory, and in some instances, if not in every instance except in the case of Patrolman Lafasse, is given by witnesses who gave but little attention to that phase of the case, some of them failing to make any examination thereof until some three or four days after the accident. It is apparent that the trial judge was not impressed by the testimony on that point, since he fails to comment thereon, and bases his judgment purely on the undisputed physical facts of the locked left rear dual wheels of the truck and the skidmark made by them. Since we cannot make a conclusive finding based on the evidence of shattered glass, we cannot of course say that the District Court erred in adopting the basis mentioned for his conclusion as to the situs of the accident.

Plaintiffs argue, too, that the skidmark shows that the defendant's truck driver was trying to get around the cow, which it is shown was on the road. The weakness of plaintiff's argument on that point is the fact that the witnesses place the cow just prior to the collision at the center stripe or to the south thereof, so that the passing of the cow in front and to his left by the truck driver appears very unlikely. It is much more reasonable to believe that the truck driver swerved to his right, as he says he did, when approaching the cow, which was walking south, so as to pass her in the rear.

It is our conclusion that the trial judge was correct in finding that the collision occurred on the north side of the center stripe, and we fail to find that plaintiff's action in crossing over the center line was caused by any act of the defendant's truck driver. The preponderance of the evidence is to the effect that the driver of the truck was travelling at a reasonable speed and on his lane of travel. It is not clear as to whether or not he had dimmed his light, the plaintiffs contending that he had not, and the driver contending that he had; but admitting that the bright lights were on just prior to and at the time of the collision, that does not appear to have contributed to the accident. The most logical explanation of the accident is contained in statements of some of the occupants of the Barton car made on the night of the accident to the effect that plaintiff Barton tried to dodge a cow which was crossing the road and in doing so swerved to his left and into the truck. The physical facts support that testimony.

For the reasons set forth, we cannot find manifest error in the lower court's conclusion of fact to the effect that the plaintiffs have failed to sustain the burden of proof in showing that the accident was caused by negligence of the defendant's truck driver. The judgments are therefore affirmed.